**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ITR CONCESSION COMPANY LLC, *et al.*,[1] | ) Case No. 14-34284 (PSH) |
| Debtors. | ) (Joint Administration Requested) |

**NOTICE OF FILING STIPULATION AMONG THE DEBTORS, THE COMMITTEE OF SECURED PARTIES, AND THE INDIANA FINANCE AUTHORITY**

**PLEASE TAKE NOTICE** that a copy of the *Stipulation Among the Debtors, the Committee of Secured Parties, and the Indiana Finance Authority*, dated as of September 20, 2014, is annexed hereto as **Exhibit A** (the "Stipulation"). The above-captioned debtors and debtors in possession (collectively, the "Debtors") intend to promptly file a motion seeking entry of an order approving the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases are available free of charge by visiting the case website maintained by Kurtzman Carson Consultants LLC, the proposed notice and claims agent for these chapter 11 cases, available at http://www.kccllc.net/ITR or by calling (877) 634-7181. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: ITR Concession Company LLC (0293); ITR Concession Company Holdings LLC (0285); and Statewide Mobility Partners LLC (1312). The location of the Debtors' service address for the purposes of these chapter 11 cases is: c/o ITR Concession Company LLC, 205 North Michigan Avenue, Suite 2510, Chicago, Illinois 60601.

KE 33547653

| | |
|---|---|
| Dated: September 21, 2014<br>Chicago, Illinois | */s/ Marc Kieselstein*<br>James H.M. Sprayregen, P.C.<br>Marc Kieselstein, P.C.<br>Chad J. Husnick<br>Jeffrey D. Pawlitz<br>Gregory F. Pesce<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |

# Exhibit A

## Stipulation

KE 33547653

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ITR CONCESSION COMPANY LLC, *et al.*,[1] | ) Case No. 14-[_____] (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**STIPULATION BY AND AMONG THE DEBTORS, THE COMMITTEE OF SECURED PARTIES, AND THE INDIANA FINANCE AUTHORITY**

ITR Concession Company LLC (the "Concessionaire"), ITR Concession Company Holdings LLC ("Holdings"), and Statewide Mobility Partners LLC (collectively with the Concessionaire and Holdings, the "Debtors"); the Committee of Secured Parties (as defined below); and the Indiana Finance Authority (the "IFA" and, together with the Debtors and the Committee of Secured Parties, each a "Party" and collectively, the "Parties" hereto), hereby enter into the following stipulation (the "Stipulation") as of September 20, 2014:

## RECITALS

WHEREAS, the Concessionaire and the IFA are parties to that certain Indiana Toll Road Concession and Lease Agreement dated as of April 12, 2006 (as amended, modified, or supplemented from time to time, the "Concession Agreement"), pursuant to which the Concessionaire operates a 157-mile toll road in northern Indiana that is owned by the State of Indiana and is commonly referred to as the Indiana Toll Road;

WHEREAS, under the terms of the Concession Agreement, Approval (as defined in the Concession Agreement) of the IFA is required in connection with, among other things, (i) any sale, conveyance, assignment, delegation, sublease, mortgage, encumbrance, transfer or other disposition of the Concessionaire's interests in the Indiana Toll Road and the rights and obligations of the Concessionaire under the Concession Agreement; (ii) any Change in Control (as defined in the Concession Agreement) of the Concessionaire; and (iii) the engagement or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: ITR Concession Company LLC (0293); ITR Concession Company Holdings LLC (0285); and Statewide Mobility Partners LLC (1312). The location of the Debtors' service address for the purposes of these chapter 11 cases is: c/o ITR Concession Company LLC, 205 North Michigan Avenue, Suite 2510, Chicago, Illinois 60601.

appointment of a replacement Operator (as defined in the Concession Agreement), in each case solely in accordance with and to the extent required by the terms of the Concession Agreement;

WHEREAS, on September 21, 2014 (the "Petition Date"), each of the Debtors commenced a chapter 11 case in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") following the completion of the solicitation process with respect to the *Joint Prepackaged Plan of Reorganization of ITR Concession Company LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code* dated as of September 4, 2014 (as amended, modified, or supplemented from time to time, the "Plan");

WHEREAS, the Plan contemplates that the Debtors, with the support of the Committee of Secured Parties and the Debtors' existing equity sponsors, will seek to confirm a chapter 11 plan contemplating either (x) a sale of substantially all of the Debtors' assets, or the equity interests in the Debtors owning all or substantially all of the Debtors' assets, following a competitive sale process (the "Sale Transaction") or (y) a comprehensive restructuring of the Debtors' capital structure (the "Reorganization Transaction");

WHEREAS, prior to the Petition Date, certain Holders of Senior Secured Claims and Statewide Interests (each such term as defined in the Plan) voted to accept the Plan. The Committee of Secured Parties means the group of certain Holders of Senior Secured Claims represented by Milbank, Tweed, Hadley & McCloy LLP and Houlihan Lokey Capital, Inc.;

WHEREAS, the Debtors intend to effectuate the Sale Transaction or the Reorganization Transaction, each of which transactions may implicate the Approval of the IFA under the terms of the Concession Agreement;

WHEREAS, the IFA and the Concessionaire want to ensure that the Concessionaire and the IFA, as applicable, continue to perform their respective obligations under the Concession Agreement and that the Concessionaire continues to operate the Indiana Toll Road without interruption, with due regard for public safety and the interests of the communities that the Indiana Toll Road serves, and in accordance with the Operating Standards (as defined in the Concession Agreement);

WHEREAS, the IFA also wants to ensure that it receives sufficient information, in a timely fashion and in a manner consistent with the Concession Agreement, regarding the Sale Transaction in order to be able to provide its Approval in accordance with the terms of the Concession Agreement; and

WHEREAS, after arm's-length negotiations, the Parties have determined that it is in their respective best interests to enter into this Stipulation regarding their respective rights and obligations under the Concession Agreement and in connection with the Chapter 11 Cases and the Plan (including the transactions contemplated thereby).

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties, as follows:

2

1. <u>Definitions</u>.  Capitalized terms used but not defined below shall have the meanings ascribed to such terms in the Concession Agreement or the Plan, with the meaning in the Concession Agreement to be controlling if the same term is defined in both documents.

2. <u>Treatment of the Concession Agreement Prior to Assumption</u>.  From and after the Petition Date, prior to the assumption of the Concession Agreement by the Concessionaire becoming effective, the Concession Agreement and the rights, claims and interests of the IFA and the Concessionaire shall remain in full force and effect and, subject to the imposition of the automatic stay, shall not be altered except as agreed by the IFA and the Concessionaire in writing, including pursuant to the terms of this Stipulation, and the IFA and the Concessionaire shall continue to timely perform and comply with all of their respective contractual obligations under the Concession Agreement.

3. <u>Assumption of the Concession Agreement</u>.  Notwithstanding anything in the Plan or in any notice, pleading or other document which may be to the contrary, the Concessionaire shall assume, subject to the occurrence of the Effective Date, the Concession Agreement, *cum onere,* upon entry of the Confirmation Order and the IFA shall not oppose such assumption if the terms of the Plan have not been materially modified prior to such date, <u>provided</u> that in order for such assumption to become effective the Concessionaire shall be required to cure any existing defaults under the Concession Agreement (whether or not the IFA provided formal notice of such default prior to the Petition Date) in accordance with the requirements of, and solely to the extent required by, Section 365(b)(1)(A) and (B) of the Bankruptcy Code, and provide adequate assurance of future performance under the Concession Agreement to the extent required by Section 365(b)(1)(C) of the Bankruptcy Code; <u>provided</u> that the IFA agrees and acknowledges that the Concessionaire's obligation to provide adequate assurance shall be no greater or more burdensome on the Concessionaire than that provided in any direct or indirect action or inaction required of the Concessionaire to obtain the IFA's Approval under the Concession Agreement with respect to the assumption and/or assignment of the Concession Agreement.  Upon assumption of the Concession Agreement, the Concession Agreement shall continue to be binding upon the IFA and Concessionaire and any of their respective successors, assignees, or assigns, and shall continue to be and remain in full force and effect in accordance with its terms.

4. <u>Approval Provisions under the Concession Agreement</u>.  Notwithstanding anything in the Plan or in any notice, pleading or other document which may be to the contrary, or the terms of Section 365(f) or any other applicable provisions of the Bankruptcy Code, all of the provisions of the Concession Agreement that require Approval of the IFA (collectively, the "<u>Approval Provisions</u>"), such Approval not to be unreasonably withheld, shall be and remain in full force and effect during the Chapter 11 Cases, and the Debtors, the Committee of Secured Parties, and the IFA agree to comply with the Approval Provisions in accordance with the terms of the Concession Agreement.  For the avoidance of doubt, nothing in this Stipulation is intended to modify or expand the scope of the Approval Provisions under the Concession Agreement.

5. <u>The IFA's Participation in the Sale Transaction</u>.  The Parties agree to work in good faith to come to an agreement on (a) the extent of the involvement by the IFA and its advisors in the Sale Transaction, including by continuing to negotiate an agreement that would allow the IFA to: (i) remain reasonably apprised of the status of the Sale Transaction at all times

3

and have reasonable access to the professionals retained by the Special Committee to conduct the Sale Transaction; (ii) form a timely view regarding, without limitation, the identity, background, reputation, ownership structure, financial wherewithal and operating capabilities of any potential buyer and/or Operator and request additional information if necessary; and (iii) promptly provide any Approval of any Restructuring Transaction that is required under the terms of the Concession Agreement; and (b) the conveyance of notice as set forth in Section 1.15(a)(ii) of the Concession Agreement.

6.     Plan and Confirmation Order. Each of the Parties agrees that it shall not take any position inconsistent with this Stipulation in connection with the Plan or the entry of the Confirmation Order. The Parties further agree that the terms of the Confirmation Order shall be consistent with the terms of this Stipulation in all material respects. Provided that (i) the Debtors and the Committee of Secured Parties have not breached any of their obligations under this Stipulation and (ii) the Plan has not been materially modified, the IFA agrees that it shall not directly or indirectly object to Confirmation of the Plan or seek to delay, impede, or interfere with implementation or consummation of the Restructuring Transactions or Confirmation of the Plan (including by opposing any extension of the exclusive periods to file or solicit acceptances of a chapter 11 plan that reflects the Restructuring Transactions in all material respects); provided that nothing in this Stipulation shall prevent the IFA from (a) opposing the application of any of the following provisions in Article VIII of the Plan to the IFA's rights, claims and interests under the Concession Agreement: Section A (*Discharge of Claims and Termination of Interests*), Section D (*Releases by Holders of Claims and Interests*), and Section F (*Injunction*); or (b) enforcing any of its rights or remedies under this Stipulation or the Concession Agreement.

7.     Reimbursement of the IFA's Professional Fees. The Debtors or the Reorganized Debtors, as applicable, shall in the ordinary course of business (and without the need for any notice or application to or action, order or approval of the Bankruptcy Court) continue to pay or reimburse to the IFA all reasonable and documented out-of-pocket fees of Sidley Austin LLP and Barnes & Thornburg LLP, as legal counsel, and KPMG LLP, as financial advisor, incurred by the IFA in connection with this Stipulation, the Plan, the Restructuring Transactions, or the Chapter 11 Cases, including, without limitation (i) all activities which preceded the Petition Date or resulted in the execution of this Stipulation, (ii) all actions necessary for the IFA to provide its Approval under the Concession Agreement in a Reorganization Transaction or a Sale Transaction, and (iii) the monitoring of the Chapter 11 Cases, in each case solely to the extent that the IFA complies with its obligations under this Stipulation and does not take any direct or indirect action, or fail to take any action, that is inconsistent with this Stipulation; provided that (a) the foregoing shall not include payment or reimbursement of any costs or expenses relating to litigation between the IFA and the Debtors; and (b) the IFA reserves the right to seek payment or reimbursement of any costs or expenses relating to litigation between the IFA and the Debtors and/or Holders of Senior Secured Claims in accordance with applicable provisions of the Concession Agreement.

8.     Termination. This Stipulation shall terminate on the earliest to occur of (a) the Effective Date of the Plan, (b) the entry of an order by the Bankruptcy Court denying Confirmation of the Plan, (c) the withdrawal of the Plan by the Debtors, and (d) termination of the Restructuring Support Agreement.

4

9. <u>Dispute Resolution</u>. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction to decide any disputes regarding (a) the terms of this Stipulation and (b) the scope or application of the Approval Provisions under the Concession Agreement. Nothing herein shall prevent the IFA from arguing that provisions of Article 19 of the Concession Agreement relating to resolution of any other dispute arising out of, relating to, or in connection with the Concession Agreement shall continue to be and remain applicable during the Chapter 11 Cases.

10. <u>Reservation of Rights</u>. Except as expressly provided herein, the Parties reserve all of their rights under the Concession Agreement, the Bankruptcy Code and other applicable law.

11. <u>Due Authorization</u>. Each Party hereto represents that its representative who executes this Stipulation on its behalf is duly authorized to do so.

12. <u>Single, Integrated Stipulation</u>. The several terms of this Stipulation shall each constitute necessary elements of a single, fully integrated agreement. If any aspect of the settlement contemplated by this Stipulation is not approved by the Bankruptcy Court, then this Stipulation shall be null and void in all respects.

13. <u>Counterparts</u>. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties hereto to be charged.

14. <u>No Admission</u>. The Parties understand and agree that any claim, cause of action or defense that any Party may have against another is disputed, and that the Parties are entering into this Stipulation for the purpose of settling such disputes by compromise in order to avoid further litigation. Neither the execution nor delivery of this Stipulation shall constitute an admission of any wrongdoing or liability whatsoever on the part of any of the Parties.

15. <u>Amendments</u>. This Stipulation shall not be modified, altered, amended or vacated without written consent of all Parties hereto and approval of the Bankruptcy Court.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over any action or proceeding arising out of or relating to this Stipulation, and all claims in respect of such action or proceeding may be heard and determined in such court. EACH PARTY HEREBY IRREVOCABLY WAIVES ITS RIGHTS TO A JURY TRIAL FOR ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS STIPULATION.

17. <u>Specific Performance</u>. It is understood and agreed by the Parties that money damages would not be a sufficient remedy for any breach of this Stipulation by any Party and each non-breaching Party shall be entitled to specific performance and injunctive or other equitable relief as its sole and exclusive remedy of any such breach, including, without limitation, an order of the Bankruptcy Court or other court of competent jurisdiction requiring any Party to comply promptly with any of its obligations hereunder.

5

IN WITNESS WHEREOF, the Parties hereto have signed this Stipulation as of the day and year first written above.

ITR CONCESSION COMPANY LLC
ITR CONCESSION COMPANY HOLDINGS LLC
STATEWIDE MOBILITY PARTNERS LLC

By: _____
    Name:
    Title:

COMMITTEE OF SECURED PARTIES

By:_____
    Name:
    Title:

INDIANA FINANCE AUTHORITY

By:_____
    Name:
    Title:

IN WITNESS WHEREOF, the Parties hereto have signed this Stipulation as of the day and year first written above.

ITR CONCESSION COMPANY LLC
ITR CONCESSION COMPANY HOLDINGS LLC
STATEWIDE MOBILITY PARTNERS LLC

By: _____
    Name:
    Title:

COMMITTEE OF SECURED PARTIES

By: _[signature]_____
    Name: Gerard Uzzi
    Title: Milbank Tweed Hadley & McCloy in its capacity as counsel to the Committee of Secured Parties

INDIANA FINANCE AUTHORITY

By: _____
    Name:
    Title:

IN WITNESS WHEREOF, the Parties hereto have signed this Stipulation as of the day and year first written above.

                ITR CONCESSION COMPANY LLC
                ITR CONCESSION COMPANY HOLDINGS LLC
                STATEWIDE MOBILITY PARTNERS LLC

By: _____
    Name:
    Title:

COMMITTEE OF SECURED PARTIES

By: _____
    Name:
    Title:

INDIANA FINANCE AUTHORITY

By: _____
    Name: Kendra W. York
    Title: Public Finance Director of the State of Indiana