**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| ITR CONCESSION COMPANY LLC, *et al.*,[1] | ) Case No. 14-34284 (PSH) |
| Debtors. | ) (Joint Administration Requested) |

**MODIFIED SCHEDULE F FOR ITR CONCESSION COMPANY LLC**
**(CASE NO. 14-34284 (PSH))**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: ITR Concession Company LLC (0293); ITR Concession Company Holdings LLC (0285); and Statewide Mobility Partners LLC (1312). The location of the Debtors' service address for the purposes of these chapter 11 cases is: c/o ITR Concession Company LLC, 205 North Michigan Avenue, Suite 2510, Chicago, Illinois 60601.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ITR CONCESSION COMPANY LLC, *et al.*,[1] | ) Case No. 14-34284 (PSH) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' MODIFIED SCHEDULE F**

**Introduction**

ITR Concession Company LLC (the "Concessionaire") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their proposed advisors, have filed their respective modified form of Schedule F of their Schedules of Assets and Liabilities ("Modified Schedule F"), which sets forth general unsecured claims in an amount equal to or greater than $25,000,000.00 on account of a single act or occurrence against each Debtor (the "Applicable Claims"), with the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

In accordance with the terms of the *Joint Prepackaged Plan of Reorganization of ITR Concession Company LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "Plan"), filed contemporaneously herewith, the Debtors have filed a Modified Schedule F for each Debtor in order to allow parties in interest to estimate the amount of Applicable Claims against each Debtor as of September 21, 2014 (the "Petition Date").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: ITR Concession Company LLC (0293); ITR Concession Company Holdings LLC (0285); and Statewide Mobility Partners LLC (1312). The location of the Debtors' service address is: c/o ITR Concession Company LLC, 205 North Michigan Avenue, Suite 2510, Chicago, Illinois 60601.

[2] In connection herewith, the Debtors have filed the *Motion of ITR Concession Company LLC, et al., for Entry of an Order (A) Providing an Extension of Time to File Schedules and Statements of Financial Affairs and (B) Providing for a Permanent Waiver of the Requirement to File Schedules and Statements of Financial Affairs upon Confirmation of the Plan* [Docket No. 18], which seeks entry of an order that, among other things: (a) extends to the date that is 40 days from the Petition Date the date on or before which the Debtors must file

(Continued…)

Mr. Fernando Redondo has signed the Modified Schedule F for each of the Debtors. Mr. Redondo is the Debtors' Chief Executive Officer and an authorized signatory for each of the Debtors. In reviewing and signing each Modified Schedule F, Mr. Redondo has relied upon the efforts, statements, and representations of various personnel employed by the Debtors.

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Modified Schedule F (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Modified Schedule F. The Global Notes should be referred to and reviewed in connection with any review of Modified Schedule F.

Modified Schedule F does not purport to represent a financial statement prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor is it intended to be fully reconciled with the financial statements of each Debtor. Additionally, Modified Schedule F contains unaudited information that is subject to further review and potential adjustment, and reflects the Debtors' reasonable best efforts to report the Applicable Claims at each Debtor on an unconsolidated basis.

In preparing Modified Schedule F, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to Modified Schedule F. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify Modified Schedule F as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update Modified Schedule F.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in Modified Schedule F shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses, and causes of action arising under any provision of the Bankruptcy Code and any other relevant nonbankruptcy laws.

**Description of Cases**. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of these Global Notes, no trustee, examiner, or official committee has been requested or appointed in any of the chapter 11 cases.

---

their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"), other than each Debtor's Modified Schedule F; and (b) permanently waives the requirement that the Debtors file the Schedules and Statements upon confirmation of the Plan if confirmation occurs on or before the date that is 40 days from the Petition Date.

2

**Classifications**.  Listing an Applicable Claim on Modified Schedule F as "unsecured" does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Applicable Claim or to setoff of such Applicable Claim.

**Claim Description**.  Modified Schedule F permits each of the Debtors to designate Applicable Claims as "disputed," "contingent," and "unliquidated."  Any failure to designate an Applicable Claim on a given Debtor's Modified Schedule F as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Applicable Claim is not subject to objection.  The Debtors reserve all of their rights to dispute and to assert offsets and defenses to any Applicable Claim reflected on their respective Modified Schedule F on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate any Applicable Claim as "disputed," "contingent," or "unliquidated."  Moreover, listing an Applicable Claim does not constitute an admission of liability by the Debtors.

**Global Notes Control**.  In the event that Modified Schedule F differs from the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Modified Schedule F**

The Debtors have used their reasonable best efforts to report all Applicable Claims against the Debtors on Modified Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The Applicable Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any credits and allowances due from a creditor, including the right to assert objections and setoffs with respect to the same.  Modified Schedule F may include certain deferred charges, deferred liabilities, and accruals as such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities, however, and therefore do not constitute an admission of liability by the Debtors.

Before the Petition Date, the Debtors routinely engaged in intercompany transactions and/or payments were made to vendors on account of intercompany account balances, resulting in intercompany accounts payable and receivable.  Outstanding intercompany payables are not listed on Modified Schedule F.

Modified Schedule F does not reflect any unsecured deficiency claims that prepetition secured lenders may have.

3

B6 Summary (Official Form 6 - Summary) (12/07)
**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:  ITR Concession Company LLC                                                                                          Case No. 14-34284 (PSH)

                                                                                                                                                **Chapter 11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | NO | N/A | N/A | | |
| B - Personal Property | NO | N/A | N/A | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | NO | N/A | | N/A | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | NO | N/A | | N/A | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | NO | N/A | | | |
| H - Codebtors | NO | N/A | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **1** | **N/A** | **$0.00** | |

Case 14-34284   Doc 65   Filed 09/22/14   Entered 09/22/14 18:27:47   Desc Main
           Document      Page 6 of 7

B6G (Official Form 6F) (12/07)

**In re: ITR Concession Company LLC**  **Case No. 14-34284 (PSH)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  | Subtotal (Total for Amended Items) | **$0.00** |
|  |  |  |  |  |  | Total (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$0.00** |

Page 1 of 1

B6 Summary (Official Form 6 - Summary) (12/07)
**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:  ITR Concession Company LLC

Case No. 14-34284 (PSH)

Chapter 11

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Fernando Redondo, Chief Executive Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules and that they are true and correct to the best of my knowledge, information, and belief.

Date:   9/22/2014

Signature:   *(signed)*

Fernando Redondo

**Chief Executive Officer**

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.