**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ITR CONCESSION COMPANY LLC, *et al.*,[1] | ) Case No. 14-34284 (PSH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF MOTION OF ITR CONCESSION COMPANY LLC, *ET AL.*, FOR ENTRY OF AN ORDER APPROVING STIPULATION AMONG THE DEBTORS, THE COMMITTEE OF SECURED PARTIES, AND THE INDIANA FINANCE AUTHORITY**

**PLEASE TAKE NOTICE** that on September 23, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the ***Motion of ITR Concession Company LLC, et al., for Entry of an Order Approving Stipulation Among the Debtors, the Committee of Secured Parties, and the Indiana Finance Authority*** (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **October 2, 2014, at 11:00 a.m., (prevailing Central Time)** or as soon thereafter as counsel may be heard, before the Honorable Pamela S. Hollis in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, at which time and place you may appear.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed with the Court, and served so as to be actually received by each of the following entities, by **September 30, 2014, at 4:00 p.m. (prevailing Central Time)**: (a) proposed counsel to the Debtors; (b) counsel to the ad hoc group of certain of the Debtors' senior secured creditors; (c) Wilmington Trust, National Association, in its capacity as successor administrative agent under the Debtors' prepetition secured credit agreement; (d) the Indiana Finance Authority; (e) the Office of the U.S. Trustee for the Northern District of Illinois; (f) the Office of the United States Attorney for the Northern District of Illinois; (g) the Internal Revenue Service; and (h) those parties who have requested service of papers in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: ITR Concession Company LLC (0293); ITR Concession Company Holdings LLC (0285); and Statewide Mobility Partners LLC (1312). The location of the Debtors' service address for the purposes of these chapter 11 cases is: c/o ITR Concession Company LLC, 205 North Michigan Avenue, Suite 2510, Chicago, Illinois 60601.

**PLEASE TAKE FURTHER NOTICE** that the hearing date and time as well as copies of all documents are available free of charge by visiting the case website maintained by Kurtzman Carson Consultants LLC, the notice and balloting agent for these chapter 11 cases, available at http://www.kccllc.net/ITR or by calling (877) 634-7181. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: September 23, 2014<br>Chicago, Illinois | */s/ Marc Kieselstein*<br>James H.M. Sprayregen, P.C.<br>Marc Kieselstein, P.C.<br>Chad J. Husnick<br>Jeffrey D. Pawlitz<br>Gregory F. Pesce<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ITR CONCESSION COMPANY LLC, *et al.*,[1] | ) Case No. 14-34284 (PSH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION OF ITR CONCESSION COMPANY LLC, *ET AL.*,**
**FOR ENTRY OF AN ORDER APPROVING STIPULATION**
**AMONG THE DEBTORS, THE COMMITTEE OF SECURED**
**PARTIES, AND THE INDIANA FINANCE AUTHORITY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, approving that certain Stipulation, dated as of September 21, 2014, by and among the Debtors, the ad hoc group of certain of the Debtors' senior secured creditors (the "Committee of Secured Parties"), and the Indiana Finance Authority (the "IFA"), a copy of which is annexed as **Exhibit 1** to **Exhibit A** attached hereto (the "Stipulation"). In support of this Motion, the Debtors respectfully state as follows.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: ITR Concession Company LLC (0293); ITR Concession Company Holdings LLC (0285); and Statewide Mobility Partners LLC (1312). The location of the Debtors' service address for the purposes of these chapter 11 cases is: c/o ITR Concession Company LLC, 205 North Michigan Avenue, Suite 2510, Chicago, Illinois 60601.

[2] The facts and circumstances supporting this Motion are set forth in the *Declaration of Fernando Redondo, Chief Executive Officer of ITR Concession Company LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6] (the "First Day Declaration").

**Jurisdiction**

1.  The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory basis for the relief requested in this Motion is section 363(b)(1) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

**Relief Requested**

4.  The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to enter into the Stipulation.

**Background**

5.  On September 21, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court approved procedural consolidation and joint administration of these chapter 11 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [Docket No. 72]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and the United States Trustee for the Northern District of Illinois has not appointed a statutory committee of unsecured creditors in these chapter 11 cases.

6.  The Debtors operate a 157-mile toll road in northern Indiana commonly referred to as the Indiana Toll Road (the "Toll Road"), pursuant to that certain Indiana Toll Road Concession and Lease Agreement, dated as of April 12, 2006 (as amended, modified, or supplemented from time to time, the "Concession Agreement"), between ITR Concession

2

Company LLC (the "Concessionaire") and the IFA. The Toll Road, which extends from the Ohio state line to the Illinois state line and comprises portions of U.S. Interstates 80 and 90, provides fast and convenient access to and from communities in northern Illinois and northern Indiana. The Toll Road is used by nearly 130,000 customers per day. The Debtors have approximately 283 employees and maintain headquarters in Chicago, Illinois, and Granger, Indiana. For the fiscal year ending December 31, 2013, the Debtors had total revenues of approximately $206 million.

### The Stipulation

7.    As further detailed in the First Day Declaration, prior to the Petition Date, the Debtors engaged in extensive good-faith, arms'-length discussions with their principal stakeholders, including the Committee of Secured Parties and the Debtors' ultimate equity sponsors, regarding potential restructuring alternatives intended to maximize stakeholder value. In tandem with these efforts, the Debtors and their advisors—mindful of the IFA's status as one of the Debtors' most significant stakeholders and of the Concession Agreement's importance to the Debtors' business enterprise—engaged in regular communication with the IFA and its advisors regarding the Debtors' restructuring process. The Debtors' IFA outreach efforts included, among other things: (a) paying the reasonable and documented out-of-pocket fees and expenses of the IFA's legal counsel and financial advisor in connection with the Debtors' restructuring; (b) convening and participating in regular telephonic and in-person discussions to update the IFA regarding the Debtors' restructuring process and efforts to secure a forbearance with the Committee of Secured Parties; (c) discussing and summarizing potential restructuring alternatives; and (d) sharing material documents with the IFA and its advisors, including drafts of the restructuring support agreement, prepackaged chapter 11 plan, and press release that the Debtors intended to issue in connection with the commencement of these chapter 11 cases.

8.      Following the execution of that certain Restructuring Support Agreement, dated as of September 4, 2014 (as amended, modified, or supplemented from time to time, the "Restructuring Support Agreement"), among the Debtors, the Committee of Secured Parties, and the Debtors' equity sponsors, the Debtors and the Committee of Secured Parties entered into advanced discussions with the IFA regarding certain issues related to these chapter 11 cases and the transactions contemplated by the Restructuring Support Agreement, including information rights of the IFA with respect to the Debtors' chapter 11 restructuring process, the Debtors' proposed assumption of the Concession Agreement, and the IFA's rights under the Concession Agreement to review and approve a replacement operator and/or a proposed transfer of the Concessionaire's position in connection with any proposed sale or reorganization transaction contemplated by the Restructuring Support Agreement (which rights are more particularly described, and encompassed by the definition of "Approval Provisions," in the Stipulation).

9.      These discussions were productive and have resulted in the parties entering into the Stipulation, which recognizes or establishes, among other things: (a) a framework for continued engagement among the Debtors, the Committee of Secured Parties, and the IFA regarding the status of these chapter 11 cases and the Debtors' ongoing competitive sale process; (b) the terms and conditions for the Debtors' proposed assumption of the Concession Agreement; and (c) the Approval Provisions.  The Stipulation is reasonable, represents a sound exercise of the Debtors' business judgment, and is in the best interests of the Debtors' estates.  Accordingly, the Debtors respectfully request that the Court enter an order approving the Stipulation as set forth herein.

KE 33546596

## Basis for Relief

10. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not set forth a standard for determining when a use of estate property outside the ordinary course of business should be authorized, courts in this and other circuits have consistently held that such use is appropriate if the transaction represents the sound or reasonable business judgment of the debtor. *See, e.g.*, *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (noting that sale under section 363 involves exercise of fiduciary duties and requires an "articulated business justification").

11. If a valid business justification exists for the use of property of the estate, a debtor's decision enjoys a strong presumption that "in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995) (citations omitted); *In re H. King and Assocs.*, 295 B.R. 246 (Bankr. N.D. Ill. 2003) (noting that business judgment standard presumes that corporate action was in the best interests of the company). Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.

12. The Stipulation is the product of extensive good faith, arm's-length discussions between the Debtors, the Committee of Secured Parties, and the IFA and is a sound exercise of the Debtors' business judgment. The terms of the Stipulation are equitable, and entry into the Stipulation is in the best interests of the Debtors' estates. For example, the Stipulation materially reduces the risk of litigation between the Debtors and the IFA regarding the Approval

Provisions. The Stipulation also resolves the timing of the Debtors' assumption of the Concession Agreement. Finally, the Stipulation further strengthens the long-standing ties between the Debtors and the IFA and clears the way for their continued engagement in the Debtors' restructuring. The Debtors also believe that the benefits of the Stipulation significantly outweigh any corresponding costs. Accordingly, the Debtors respectfully request that the Court enter an order approving the Stipulation.

## Notice

13. The Debtors have provided notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the U.S. Trustee for the Northern District of Illinois; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (c) Wilmington Trust, National Association, in its capacity as successor administrative agent under the Debtors' prepetition secured credit agreement; (d) Citibank, N.A., in its capacity as collateral agent under the Debtors' prepetition secured credit agreement; (e) the Indiana Finance Authority; (f) the Indiana State Police; (g) the office of the Attorney General of the State of Indiana; (h) the Office of the United States Attorney for the Northern District of Illinois; (i) the Office of the United States Attorney for the Northern District of Indiana; (j) the Internal Revenue Service; (k) the ad hoc group of certain senior secured parties; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## No Prior Request

14. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: September 23, 2014<br>Chicago, Illinois | */s/ Marc Kieselstein*<br>James H.M. Sprayregen, P.C.<br>Marc Kieselstein, P.C.<br>Chad J. Husnick<br>Gregory F. Pesce<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**